UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5: 19-177-DCR |
| V. | ) |
| DEJON EUGENE JOHNSON, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court has received correspondence from Defendant Dejon Eugene Johnson seeking compassionate release under the First Step Act of 2018. The *pro se* motion will be denied because Johnson has not established extraordinary and compelling circumstances for release and the factors under 18 U.S.C. § 3553(a) do not warrant a sentence reduction.

**I.**

Johnson pleaded guilty to conspiring to distribute 40 grams or more of a substance or mixture containing a detectable amount of fentanyl and aiding and abetting possession with intent to distribute 40 grams or more of substance or mixture containing a detectable amount of fentanyl. He was sentenced on August 7, 2020, to a total term of imprisonment of 46 months, followed by 4 years of supervised release. [Record No. 136]

The defendant has been designated to serve his sentence at FCI Fort Dix, but has not arrived there despite the passage of more than seven months since his sentencing hearing. Instead, he is "in transit," and is currently being held at the Tallahatchie County Correctional

Facility in Tutwiler, Mississippi.[1]  The defendant claims that the facility is "another COVID-19 hotspot with overwhelming numbers of infected inmates [and] staff."  Johnson states that he is forced to share accommodations with inmates who have tested positive for COVID-19.  Further, he contends, staff have restricted inmates' phone time and threatened them with "spray guns, electric tasers, and rubber bullets."  Johnson reports being particularly concerned about contracting COVID-19 due to his "[past] pneumonia and flu."

## II.

Requests for compassionate release are evaluated under 18 U.S.C. § 3582(c)(1)(A), which provides:

> the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In considering a motion for compassionate release, the court considers three criteria.  These include extraordinary and compelling reasons for release; the factors under 18 U.S.C. § 3553(a); and any applicable policy statements found in the United States Sentencing Guidelines.  *See United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020).

---

[1]  The United States Marshals Service ("USMS") provided this information to the Court.  According to USMS, it is expected that Johnson will be transported to FCI Fort Dix by the end of this month.

There is no applicable guidelines policy statement when a prisoner files a motion for compassionate relief on her own behalf. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Accordingly, when dealing with motions filed by prisoners, the Court skips step two of the three-step analysis. *Id.* Additionally, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.*

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, when an imprisoned person files a motion for compassionate release, the district court has "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *Jones*, 908 F.3d at 1109.

### III.

The defendant's conclusory allegations concerning COVID-19 risks at the Tallahatchie County Correctional Facility do not constitute extraordinary and compelling reasons for release. While Johnson indicates that he has suffered from pneumonia and flu in the past, he does not allege that he currently has these conditions. He is 25 years old and, according to his presentence investigation report ("PSR"), is in good health and takes no prescription medications. This Court and many other district courts within the Sixth Circuit have held that a generalized risk of contracting COVID-19 while incarcerated is not extraordinary and compelling for purposes of § 3582(c)(1)(A). *United States v. Fletcher*, 2021 WL 857029, at *1 (N.D. Ohio Mar. 8, 2021) (collecting cases).

Next, to the extent the defendant alleges that inmates have been threatened with force, there are scenarios that would justify the use of force in a jail or prison setting. *See, e.g.,*

*Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (finding use of force reasonable when officer used stun gun to subdue convicted inmate who refused to comply with jail official's order to be quiet). The defendant has not provided the factual background leading up to the alleged threat of force, nor has he alleged that any force was actually employed against him. Accordingly, this does not constitute an extraordinary and compelling reason for early release.

The § 3553(a) factors also counsel against release. The defendant conspired to traffic a significant quantity of a fentanyl, a particularly dangerous substance that has resulted in numerous overdose deaths in central Kentucky. And while the defendant's criminal history is not particularly lengthy, it is troubling. He incurred multiple juvenile adjudications including retail fraud and larceny. Further, at the age of 18, he was convicted of unarmed robbery and sentenced to three years of Holmes Youthful Trainee Act probation, which he violated numerous times. Johnson demonstrated a continued failure to comply with the law in connection with the instant offense when he was indicted in Clark Circuit Court in June 2019. He was charged with two counts of trafficking in a controlled substance and posted bond. However, an order of incarceration was entered on June 20, 2019, after he violated the terms of home incarceration.

Having concluded that Johnson qualified for the "safety valve" under U.S.S.G. § 2D1.1, his advisory sentencing guidelines range was 37 to 46 months' imprisonment. The Court determined that a sentence at the top of that range was necessary to serve the purposes of § 3553(a), including reflecting the seriousness of the offense, promoting respect for the law, and providing a just punishment. Reducing the defendant's sentence would undermine these objectives as well as the goals of general and specific deterrence.

Accordingly, it is hereby

- 5 -

**ORDERED** as follows:

1. The clerk is directed to file the defendant's correspondence in the record of this proceeding.

2. The defendant's motion for compassionate release is **DENIED**.

Dated: March 23, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky